UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MATTHEW MANVILLE PERRY,

        Petitioner,

v.                                           Case No:  6:16-cv-972-Orl-31GJK
                                                  (6:06-cr-38-Orl-31GJK)

UNITED STATES OF AMERICA,

        Respondent.
_____/

**ORDER**

This cause is before the Court on the Amended Motion to Vacate, Set Aside, or Correct Sentence ("Amended Motion to Vacate," Doc. 4) filed by Petitioner pursuant to 28 U.S.C. § 2255.[1]  The Government filed a Response (Doc. 8) in opposition to the Amended Motion to Vacate.  Petitioner filed a Reply (Doc. 11) to the Response.  For the reasons set forth herein, the Amended Motion to Vacate is denied.

      **I.**      **PROCEDURAL BACKGROUND**

A Grand Jury charged Petitioner and three other individuals by Indictment with the commission of various crimes.  (Criminal Case 6:06-cr-38-31GJK, Doc. 1).[2]  Petitioner was charged in all nine counts of the Indictment.  Petitioner entered into a

---

[1] The initial Motion to Vacate, Set Aside, or Correct Sentence ("Initial Motion to Vacate," Doc. 1) was denied as moot on June 26, 2016, in light of the filing of the Amended Motion to Vacate.

[2] Criminal Case No. 6:06-cr-38-Orl-31GJK will be referred to as "Criminal Case."

Plea Agreement (Criminal Case Doc. 27) in which he agreed to enter a guilty plea to Counts One, Three, and Nine of the Indictment. Count One involved a conspiracy to commit a bank robbery and possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 371 and Counts Three and Nine involved the possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1). Petitioner entered his plea before Magistrate Judge James G. Glazebrook, who filed a Report and Recommendation Concerning Plea of Guilty (Criminal Case Doc. 46) recommending that the Plea Agreement and the guilty plea be accepted and that Petitioner be adjudged guilty and have sentence imposed accordingly.

The Court entered an Acceptance of Plea of Guilty and Adjudication of Guilt (Criminal Case Doc. 57) in which the guilty plea was accepted and Petitioner was adjudicated guilty of the offenses. On September 25, 2006, the Court entered a Judgment in a Criminal Case (Criminal Case Doc. 80) in which Petitioner was sentenced to imprisonment for a term of 384 months, to be followed by supervised release for a total term of five years. Petitioner filed a direct appeal, and the Eleventh Circuit Court of Appeals affirmed on April 9, 2007. (Criminal Case Doc. 128).

## II.  ANALYSIS

The Amended Motion to Vacate is subject to dismissal because neither it nor the Initial Motion to Vacate was timely filed under the one-year period of limitation set forth in section 2255. In the present case, the Eleventh Circuit Court of Appeals affirmed Petitioner's convictions and sentences on April 9, 2007. Petitioner then had

2

ninety days to petition the United States Supreme Court for certiorari. *See* Rule 13 of *The Rules of the Supreme Court of the United States* (the 90-day period runs from the date of the entry of the judgment and not from the issuance date of the mandate). Petitioner did not do so, and the judgment of conviction became final on July 9, 2007.[3] *See Clay v. United States*, 537 U.S. 522, 532 (2003) (holding that, "for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."). Consequently, Petitioner had until July 9, 2008, to file a section 2255 motion. The Initial Motion to Vacate was filed on June 6, 2016, long after the one-year period of limitation expired.

Petitioner argues that both Motions to Vacate were "timely pursuant to *Johnson v. United States* because *Johnson* invalidated 18 U.S.C. § 924(c)'s residual clause." In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act's ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551, 2557–58, 2563 (2015). The *Johnson* decision was made retroactive on collateral review by the Supreme Court in *Welch v. United States*, 136 S. Ct. 1257 (2016). According to Petitioner, because "the Supreme Court struck down the ACCA residual clause as unconstitutionally vague in *Johnson*, it follows that the § 924(c) residual clause is also unconstitutionally vague." (Doc. 11 at 8).

---

[3] The actual date was Sunday, July 8, 2007; however, the next business day was Monday, July 9, 2007.

The decision in *Johnson* affords Petitioner no collateral relief with regard to his § 924(c) convictions. The *Johnson* decision did not address the statute under which Petitioner was convicted. Instead, *Johnson* ruled on the constitutionality of the residual clause of the ACCA, § 924(e)(2)(B)(ii). Neither the Supreme Court nor the Eleventh Circuit Court of Appeals "has extended *Johnson*'s § 924(e) residual clause ruling to conclude that the § 924(c)(3)(B) residual clause is unconstitutionally vague." *United States v. Langston*, No. 16-10689, 2016 WL 6276044, at *6 (11th Cir. October 27, 2016). Consequently, both Motions to Vacate were untimely, and Petitioner is unable to satisfy the exception to the one-year period of limitation in 28 U.S.C. § 2255 (f)(3). As a result, the Amended Motion to Vacate is denied.[4]

### III. CERTIFICATE OF APPEALABILITY

This Court should grant an application for a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). However, the petitioner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner fails to demonstrate that reasonable jurists would find the district

---

[4] The Court also rejects Petitioner's claim of "actual innocence." (Doc. 11 at 7). Petitioner has failed to demonstrate actual innocence in this case.

4

court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner fails to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

### IV. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Amended Motion to Vacate, Set Aside, or Correct Sentence (Doc. 4) is **DENIED**.

2. This case is **DISMISSED with prejudice**.

3. Petitioner is **DENIED** a certificate of appealability.

4. The Clerk of the Court is directed to enter judgment in favor of Respondent and to close this case. A copy of this Order and the judgment shall also be filed in criminal case number 6:06-cr-38-Orl-31GJK.

5. The Clerk of the Court is directed to terminate the section 2255 motion (Criminal Case Doc. 175) filed in criminal case number 6:06-cr-38-Orl-31GJK.

**DONE** and **ORDERED** in Orlando, Florida on January 25, 2017.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
OrlP-2 1/25

5